NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 1, 2022[*]
Decided April 4, 2022

***Before***

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2863

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 00 CR 50049 |
| JERRY K. PARTEE, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

More than halfway through his 34-year sentence for drug distribution, Jerry Partee moved for a sentence reduction under § 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, on grounds that he was convicted of a "covered offense" within the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

meaning of § 404. He alternatively sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on medical conditions (obesity, osteoarthritis, and hyperlipidemia) that he believed put him at great risk of complications during the COVID-19 pandemic.

The district court denied relief. The judge ruled that Partee was eligible for a reduction under the First Step Act, but the factors under 18 U.S.C. § 3553(a)—particularly his extensive disciplinary history in prison and the seriousness of his prior criminal history—did not favor a reduced sentence. And after acknowledging Partee's health concerns, the judge similarly denied the motion for compassionate release based on the § 3553(a) factors.

On appeal, Partee challenges only the denial of his motion under the First Step Act. But he does not develop a coherent legal argument or engage the district judge's reasons for denying the motion. *See* FED. R. APP. P. 28(a)(8); *White v. Am. Fam. Mut. Ins. Co.*, No. 20-1803, 2022 WL 59403 at *1 (7th Cir. Jan. 6, 2022). Regardless, the judge acted well within his broad discretion to determine that the identified § 3553(a) factors weighed against a sentence reduction.

AFFIRMED